IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARILYN PRITCHARD                                                                           PLAINTIFF

V.                                      NO. 4:08CV01861 WRW

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY                                                DEFENDANT

### BRIEF IN SUPPORT OF RESPONSE TO MOTION TO REMAND

When a complaint alleges no specific amount of damages, or an amount under the jurisdictional minimum, a defendant may successfully remove to federal court by proving by a preponderance of the evidence that the amount in controversy requirement is met. *Toller v. Sagamore Ins. Co.,* 514 F. Supp. 2d 1111, 1116 (2007). *See also Advance America Servicing of Arkansas, Inc. v. McGinnis,* 526 F.3d 1170 (8th Cir. 2008); *Rasmussen v. State Farm Mut. Auto. Ins. Co.,* 410 F.3d 1029, 1031 (8th Cir. 2005). In determining the amount in controversy in an action against an insurance company in which the 12-percent penalty and attorneys' fees are available pursuant to Ark. Code Ann. § 23-89-208, the 12-percent penalty and attorneys' fees are included in calculating whether the amount in controversy exists. *Halter v. Nat'l Farmers Union Prop. & Cas. Co.,* 502 F. Supp. 736 (E.D. Ark. 1980); *Stamps v. State Farm Mut. Auto. Ins. Co.,* 300 F. Supp. 545 (W.D. Ark. 1969). Further, the amount in controversy at the time of removal is determinative, and a plaintiff

cannot defeat federal jurisdiction by reducing his demand after removal. *Toller, supra* at 1117, citing *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969) and *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

Plaintiff in her Motion to Remand points out that in her prayer for relief, plaintiff prays for damages "not to exceed the amount required for federal diversity jurisdiction." Plaintiff apparently contends that the provisions of Ark. R. Civ. P. 8(a) preclude the recovery of any greater amount. However, Ark. R. Civ. P. 8(a) does not have the effect for which plaintiff contends, as explained by Judge Eisele in *Haynes v. Louisville Ladder Grp., LLC*, 341 F. Supp. 2d 1064 (E.D. Ark. 2004). The plaintiff in *Haynes* made the same argument as is now made by plaintiff in this case, but the court rejected the argument, pointing out that in *Interstate Oil & Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941 (1998), the Arkansas Supreme Court concluded that even though the plaintiff did not demand a specified amount in his complaint, plaintiff could recover the full $184,950.00 awarded at trial, even though the plain language of Rule 8(a) limited the plaintiff's recovery to the minimum required for federal diversity jurisdiction. Additionally, Judge Eisele noted that state rules of civil procedure may not determine federal jurisdiction. *Haynes, supra* at 1068, citing *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1006, n. 3 (W.D. Ark. 1996) and numerous other cases.

The *Haynes* case is instructive for the additional reason that in determining the amount in controversy at the time of removal, Judge Eisele

looked to damage awards made in cases factually similar to *Haynes*, a ladder fall case. The court cited several other ladder fall cases in which damages well in excess of $75,000.00 were awarded, and concluded that the plaintiff's claim in *Haynes* "more likely than not" placed more than $75,000.00 in controversy. *Haynes, supra* at 1069. Therefore, the court concluded that defendant had proven, by a preponderance of the evidence, that the amount in controversy was greater than $75,000.00.

Defendant submits that plaintiff's allegations of bad faith, and prayer for compensatory and punitive damages for same, in addition to plaintiff's contract claim for $25,000.00, causes the requisite amount to be in controversy in this case. In her First Amended Complaint, after recounting numerous settlement offers by defendant, culminating in an offer of $25,000.00, plaintiff states:

> 21. That for the past several years it has been the policy of State Farm to not settle claims involving uninsured motorist and underinsured motorist claims (except for catastrophic injury claims) against it without litigation. This policy of 'delay, deny, defend', which has been utilized by State Farm and other insurance carriers has even been the subject of a CNN Special Report.
>
> 22. That State Farm received no additional information which was the basis of increasing its offer from EIGHT THOUSAND AND NO/100 DOLLARS ($8,000.00), to the policy limits. The only thing that changed was the approaching trial date.
>
> 23. That this conduct by State Farm is bad faith adjustment of claim as State Farm engaged in affirmative conduct involving dishonest, malicious and oppressive conduct in an attempt

>to delay or deny plaintiff's claim, for which plaintiff prays compensatory and punitive damages.
>
>WHEREFORE, plaintiff, Marilyn Pritchard, prays for the relief requested in her original Complaint filed herein, together with compensatory and punitive damages, in an amount to be determined by this Court for bad faith against Defendant, State Farm Mutual Automobile Insurance Company; for her attorney's fees, costs and penalties; and for all other relief to which she is entitled, the total of which not to exceed the amount required for federal diversity jurisdiction.

Just as Judge Eisele in *Haynes* found there were several other ladder fall cases in which damages well in excess of $75,000.00 were awarded, awards of greater than $75,000.00 have been made in numerous "bad faith" insurance cases decided in Arkansas. *See Southern Farm Bur. Cas. Ins. Co. v. Allen*, 326 Ark. 1023, 934 S.W.2d 527 (1996) (plaintiff awarded $10,000.00 in compensatory damages, $75,000.00 in punitive damages, plus penalty and attorneys' fees); *Viking Ins. Co. of Wisconsin v. Jester*, 310 Ark. 317, 836 S.W.2d 371 (1992) (award of $1,000.00 compensatory damages and $250,000.00 punitive damages); *Employers Equit. Life. Ins. Co. v. Williams*, 282 Ark. 29, 665 S.W.2d 873 (1984) (award of $25,000.00 compensatory damages and $75,000.00 punitive damages); *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984) (award of $175,000.00 compensatory damages and $5 million punitive damages). These awards clearly demonstrate that, in Arkansas, when insured plaintiffs claim that their insurer has acted in bad faith, the minimum amount required for federal diversity jurisdiction is

"more likely than not" involved. Indisputably, it does not appear to a legal certainty that the value of the claim is actually less than the jurisdictional minimum amount. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003), *quoting Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000).

Defendant respectfully submits that in view of plaintiff's claims for compensatory and punitive damages for the alleged tort of bad faith, in addition to plaintiff's claim for $25,000.00 under the insurance policy, a 12-percent penalty and attorneys' fees, the preponderance of the evidence establishes that the amount required for federal jurisdiction is in controversy. It is noteworthy that nowhere in plaintiff's Motion to Remand or Brief in Support does plaintiff agree to enter into a binding stipulation not to seek or accept more than $75,000.00, as required in some jurisdictions to preclude removal jurisdiction. *E.g., In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992); *Brooks v. Pre-paid Legal Services, Inc.*, 153 F. Supp. 2d 1299 (N.D. Ala. 2001); *Ryan v. Cerullo*, 343 F. Supp. 2d 157 (D. Conn. 2004); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197 (E.D. Tex. 2000).[1]

Defendant respectfully submits that defendant has shown by a preponderance of the evidence that the minimum amount required for the

---

[1] Furthermore, most such jurisdictions also hold that a removal-defeating stipulation cannot be made after removal, in accord with the general rule that the amount in controversy at the time of removal is determinative. *Accord., Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809 (8th Cir. 1969).

exercise of federal diversity jurisdiction is in controversy. Defendant respectfully submits that plaintiff's Motion to Remand should be denied.

/S/ BEVERLY A. ROWLETT   77118
MIKE HUCKABAY           65024
HUCKABAY, MUNSON, ROWLETT
    AND MOORE, P.A.
REGIONS CENTER
400 W. CAPITOL, SUITE 1900
LITTLE ROCK, AR 72201
501/374-6535

## CERTIFICATE OF SERVICE

I certify that on September 23, 2008 the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

John Doyle Nalley
Lovell & Nalley
501 N. Main Street
P.O. Box 606
Benton AR 72018
Johndoylenalley@hot mail.com

/s/BEVERLY A. ROWLETT